UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREAS JOHNS,

    Plaintiff,

v.                                         Case No.:  6:21-cv-204-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Andreas Johns seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on July 9, 2018, alleging disability beginning January 15, 2018. (Tr. 59, 155-56). The application was denied initially and on reconsideration. (Tr. 59, 72). Plaintiff requested a hearing and on May 8, 2020, a hearing was held before Administrative Law Judge William Greer ("ALJ"). (Tr. 30-45). On July 7, 2020, the ALJ entered a decision finding Plaintiff not under a disability from January 15, 2018, through the date last insured. (Tr. 15-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on December 2, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on January 29, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 23).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2018. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of January 15, 2018, through his date last insured of September 30, 2018. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; major joint

dysfunction." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except: lift 20 pounds occasionally and 10 pounds frequently; sit for 7 hours total and for 1 hour at a time over an 8-hour workday; stand or walk for 4 hours total and for 1 hour at a time over an 8-hour workday; no crawling; occasional ramp/stair climbing; bending, stooping, crouching, kneeling, or reaching above shoulder level.

(Tr. 18).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. (Tr. 23). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (53 years old on the date last insured), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)  information clerk, DOT 237.367-018,[1] light, unskilled

    (2)  marker, DOT 209.587-034, light, unskilled

    (3)  sorter, DOT 569.687-022, light, unskilled

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from January 15, 2018, the alleged onset date, through September 30, 2018, the date last insured. (Tr. 25).

## II.    Analysis

On appeal, Plaintiff raises three issues: (1) whether substantial evidence supports the ALJ's finding that Plaintiff did not meet listing 1.04; (2) whether the ALJ adequately evaluated Plaintiff's subjective complaints of pain; and (3) whether the ALJ's evaluation of Dr. Reddy's opinion is supported by substantial evidence. (Doc. 26, p. 9, 13, 18).

### A.    Listing 1.04

Plaintiff claims that his spine impairments met medical listing 1.04(A) for spine disorders, and the ALJ erred by not finding he met this listing. (Doc. 26, p. 9) The burden lies with Plaintiff to show that he has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it meets *all* the specified medical criteria. *Bailey v. Soc. Sec. Admin.,*

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

*Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a claimant must have a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing *and the duration requirement*. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)).

Listing 1.04 provides:

> 1.04  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04(A). The ALJ considered listing 1.04 and found, "[t]he evidence does not document nerve root compromise with nerve root compression with muscle atrophy and associated weakness, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication, as specified in listing 1.04 (Exhibits 2F; 12F)." (Tr. 18).

Plaintiff claims he satisfies all of the criteria of the listing. (Doc. 26, p. 10). The Commissioner argues that Plaintiff failed to demonstrate that his condition

resulted in muscle atrophy with associated weakness or muscle weakness, particularly for any consecutive period of at least twelve months. (Doc. 26, p. 12). Plaintiff cites a loss of motor strength and an occasional diminished sensation in his left lower extremity. (Doc. 26, p. 10-11, Tr. 237, 368). On review of the medical records, the Court did not find any records that mentioned muscle atrophy and Plaintiff cites none. While some records mention decreased strength and mild left-foot weakness (Tr. 237, 368), other records show full 5/5 motor strength in the upper and lower extremities (Tr. 365, 373, 380, 389). Even if Plaintiff had occasional muscle weakness, Plaintiff has not shown that any muscle weakness met the duration requirements of the listings. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.00. Thus, substantial evidence supports the ALJ's finding that Plaintiff did not meet or equal listing 1.04.

### B. Subjective Complaints of Pain

Plaintiff asserts that the ALJ erred in considering Plaintiff's subjective complaints of pain. (Doc. 26, p. 15-16). Plaintiff argues that the ALJ suggested Plaintiff's pain was controlled through conservative treatment, but this finding is not supported by substantial evidence. (Doc. 26, p. 15). Plaintiff also argues that the ALJ erred in drawing a negative inference from Plaintiff's daily activities. (Doc. 26, p. 15).

A claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all of the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

After considering Plaintiff's medical condition as a whole, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21). Later in the decision, the ALJ explained how he reached this conclusion:

> The intensity, persistence, and limiting effects of the claimant's symptoms have been considered under the process set forth in the regulations (SSR 16-3p). The record documents evidence underlying the claimant's impairments that could be expected to produce the claimant's reported symptoms (Exhibits 2F; 3F; 5F; 12F). However, the overall evidence does not support the level of symptom intensity, persistence, and functionally limiting effect alleged by the claimant. In May 2018, the claimant reported improvement with conservative treatment of episodic low back pain, and stated his pain level as 1/10 (Exhibit 2F at 3). The claimant opted for continued conservative care (Exhibit 2F at 4). The claimant reported walking occasionally for exercise (Exhibit 12F at 5, 7). He

> reported his medication as 90% effective in relieving pain, with a residual 1-2 pain level in October 2018 (Exhibit 4E). The claimant reported independent selfcare, did house cleaning and laundry, could lift 15 pounds, and shopped (Exhibit 4E). The evidence in this case supports an intensity and persistence of subjective symptoms consistent with functional limitation for light work-related activity with reduced frequency of climbing, reaching, and postural activity, as stated in the residual functional capacity.

(Tr. 23).

Plaintiff challenges the ALJ's statement that Plaintiff's pain was controlled through conservative treatment. (Doc. 26, p. 15). In a Supplemental Pain Questionnaire completed by Plaintiff in October 2018, Plaintiff stated he has pain at a level 1-2 everyday, but some days he had greater pain. (Tr. 190). He also stated that pain medication is "effective 90%," but did include that on bad days he did not leave the house. (Tr. 190). In May 2018, Plaintiff reported he had episodes of back pain that generally lasted two weeks, but the present episode lasted about six weeks and he was concerned. (Tr. 19-20, 23, 237). Plaintiff also reported that his pain was a 1/10 in May 2018. (Tr. 23, 237). Plaintiff continued with the conservative treatment of medication. (Tr. 23, 237). In August 2018, Plaintiff complained of low back pain with radiation of pain to lower left leg and foot. (Tr. 20, 367). He reported walking occasionally for exercise. (Tr. 20, 368). Plaintiff was treated with medication. (Tr. 20, 367). A few months after the date last insured, Plaintiff had no lumbar tenderness and had full motor strength in both upper and lower extremities. (Tr. 21, 365). The treatment notes also reflect a recommendation for 30 minutes of

exercise daily and 30 minutes of daily cardiovascular exercise encouraged. (Tr. 21, 366). In sum, the ALJ referred to the record in finding Plaintiff had improvement with conservative treatment, chose continued conservative care, and reported his medication as 90% effective in relieving pain, with residual pain at a 1-2 level evidence. (Tr. 23). Substantial evidence supports the ALJ's finding that Plaintiff's intensity and persistence of subjective symptoms is inconsistent with the medical and other evidence of record and supports an RFC for light work-related activities.

Plaintiff also argues that the ALJ erred in drawing negative inferences from Plaintiff's daily activities. (Doc. 26, p. 15). Plaintiff claims that the ALJ incorrectly noted that Plaintiff was independent in his self-care and able to perform housecleaning and laundry, when Plaintiff actually noted that he had to move slowly and carefully when taking care of his personal needs or performing chores. (Doc. 26, p. 16). Plaintiff also stated he never lifted items over 15 pounds and on bad days, he was unable to leave the house. (Doc. 26, p. 16). Plaintiff argues that the ALJ should have found Plaintiff unable to complete an eight-hour workday or a five-day work week. (Doc. 26, p. 16).

Contrary to Plaintiff's argument, the ALJ acknowledged that Plaintiff reported performing personal care, house cleaning, and laundry "slowly and carefully." (Tr. 20). He also acknowledged that Plaintiff reported he did not lift more than fifteen pounds. (Tr. 20). In devising the RFC, the ALJ considered these

statements along with the entire record including Plaintiff's medical condition as a whole and then clearly articulated reasons that support his position concerning Plaintiff's subjective complaints and the resulting RFC. Substantial evidence supports these findings. Thus, the ALJ did not err in his consideration of Plaintiff's subjective complaints, including daily activities.

### C. Chandon Reddy, M.D.'s Opinion

Plaintiff asserts that the ALJ did not provide sufficient justification for finding Dr. Reddy's opinion unpersuasive and the reasons given were not supported by substantial evidence. (Doc. 26, p. 19). The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4)

specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or

restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

The ALJ thoroughly summarized Dr. Reddy's treatment notes from May 2018 through July 2019. (Tr. 21-23). He noted that Plaintiff reported back pain and that the back pain had lessened in intensity and he showed improvement. (Tr. 20). While the ALJ noted that Plaintiff was required to demonstrate that he was disabled on or before September 2018, he still discussed Dr. Reddy's treatment records from May and August 2019, after the date last insured. (Tr. 21). These records show a worsening or deterioration of Plaintiff's back condition. (Tr. 21-22, 415).

The ALJ then summarized Dr. Reddy's August 13, 2019 Medical Opinion Form, completed nearly a year after the date last insured:

> The medical opinion from Dr. Reddy is not found to be supported by or consistent with the overall evidence and is not considered persuasive (Exhibit 15F). Dr. Reddy stated that the claimant would have to rest all day, and could lift 5 pounds occasionally. The records show[ ] that the claimant was encourage[d] to exercise daily, and reported walking occasionally for exercise (Exhibit 12F at 6, 7). The claimant reported that he could sit, stand, and walk for one hour each continuously. He reported his pain medication as 90% effective, and was noted in medical follow up in no apparent distress (Exhibits 4E; 12F at 6). The claimant stated that he

> performed self-care, did some house cleaning and laundry, could lift 15 pounds, and shopped (Exhibit 4E). The undersigned finds that the overall evidence supports the claimant as less limited than stated in Dr. Reddy's opinion, consistent with a reduced range of light work as stated in the residual functional capacity.

(Tr. 21-22).

In essence, the ALJ found Dr. Reddy's opinion that contained extreme limitations to be inconsistent with Dr. Reddy's own treatment records and unsupported by the medical and other evidence of record. Dr. Reddy found Plaintiff unable to sit, stand, or walk in an 8-hour workday and would require bedrest for 6-8 hours during a normal workday. (Tr. 417). As the ALJ acknowledged, Dr. Reddy noted that Plaintiff reported his pain flared up and then reduced down to a 2/10 level and improved in May 2018. (Tr. 415). Again in January 2019 (approximately three months after the date last insured), Plaintiff reported that he was symptomatically improving slowly over time. (Tr. 415). These records are inconsistent with Dr. Reddy's opinion that contained extreme limitations. Plus, Plaintiff reported that he could sit and stand for no more than an hour, could handle personal care, housecleaning, and laundry slowly and carefully, and could walk slowly without problem for no more than one hour. (Doc. 190). Plaintiff own subjective statements do not support Dr. Reddy's extreme limitations.

Beginning in April 2019, about six months after the date last insured, Plaintiff reported to Dr. Reddy worsening symptoms over the past 6 weeks and the symptoms

continued to worsen in May and July 2019. (Tr. 415). But these records are months after the date last insured. For a period of disability and disability insurance benefits, Plaintiff must prove that he was disabled before his date last insured of September 30, 2018. *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014). If he became disabled after his date last insured or his condition deteriorated or worsened, then his claim must be denied despite his disability and despite any deterioration because the evidence does not pertain to the relevant period. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831, 833 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Dr. Reddy's treatment notes after the date last insured do not show that they relate to the time period on or before September 30, 2018. Thus, substantial evidence supports the ALJ's determination that Dr. Reddy's opinion was unpersuasive.

## III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, , 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties